UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JACKIE WASHINGTON,

    Plaintiff,

v.                                                  Case No. 3:22cv4842-MCR-HTC

ESCAMBIA COUNTY JAIL,

    Defendant.
_____/

ORDER and
REPORT AND RECOMMENDATION

Plaintiff, Jackie Washington, a prisoner proceeding *pro se* and *in forma pauperis*, initiated this action by filing a civil rights complaint purporting to assert claims under 42 U.S.C. § 1983. ECF Doc. 1. The complaint was accompanied by a motion to proceed *in forma pauperis*. ECF Doc. 2. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C).

Because Plaintiff has failed to respond to this Court's orders requiring him to pay the initial partial filing fee and update this Court with his current address, the undersigned respectfully recommends this case be DISMISSED WITHOUT PREJUDICE for failure to prosecute, failure to comply with an order of the Court,

and failure to keep the Court apprised of his address. Also, because Plaintiff has been released and sought only injunctive relief at the Jail, the undersigned recommends this case be dismissed as MOOT.

I. **FAILURE TO PROSECUTE, FAILURE TO COMPLY WITH COURT ORDERS AND FAILURE TO KEEP THE COURT APPRISED OF ADDRESS**

On April 13, 2022, the Court entered an Order granting Plaintiff's motion to proceed *in forma pauperis*, ECF Doc. 2, with prepayment of an initial partial filing fee of $92.56. The Court allowed Plaintiff twenty-one (21) days to submit this fee. ECF Doc. 4. On April 25, 2022, the Court's April 13, 2022 Order was returned undeliverable. The envelope included a handwritten note indicating Plaintiff had been released on April 13, 2022, the same day the Court issued the Order. ECF Doc. 5. As such, the clerk, as a courtesy, mailed the Order to Plaintiff's home address listed on the Escambia County Jail View website: 1404 W. St. Joseph Avenue, Pensacola, FL 32501. This mail was not returned undeliverable.

The April 13, 2022 Order advised Plaintiff that failure to pay the fee may result in a recommendation this action be dismissed for failure to comply with a court order or failure to prosecute without further notice. ECF Doc. 4. Plaintiff was also advised he shall update his address with the Court upon any changes within

seven (7) days of the change by filing a notice of change of address, and that his failure to do so may also result in a recommendation of dismissal of this action. *Id*.

Plaintiff neither submitted the initial partial filing fee nor filed a notice of change of address. Accordingly, the Court allowed Plaintiff seven (7) days to file a notice of change of address and fourteen (14) days to show cause why this case should not be dismissed for failure to prosecute or failure to comply with Court Orders. ECF Doc. 6. The deadlines for Plaintiff to respond to the Court's show cause Order have passed without a response.

Plaintiff has, therefore, failed to keep the Court apprised of his current address, failed to comply with court orders and has failed to prosecute this case. Each of these deficiencies is, independently, a basis for dismissal. Indeed, a district court may dismiss an action for a plaintiff's failure to provide the Court with their current address. *See Gilbert v. Daniels*, 725 F. App'x 789, 792 (11th Cir. 2018) (affirming District Court dismissal of case "[b]ecause [plaintiff] failed to update the court of his address change or his detention, and that failure led to [his] lack of compliance with the order to amend his complaint."); *McDowell v. Ham*, No. 5:09CV31/MCR/MD, 2010 WL 1417723, at *2 (N.D. Fla. Mar. 3, 2010), *report and recommendation adopted*, 2010 WL 1417720 (N.D. Fla. Apr. 7, 2010) (dismissing case because, through the Notice to Pro Se Litigant, "Plaintiff has been on notice of

his duty to advise the court of any change in his mailing address, as well as his duty to apprise opposing counsel virtually since the commencement of his case").

Additionally, this Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of discretion." *See e.g., Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980).

Dismissal is also appropriate for failure to prosecute because Plaintiff has not filed anything with the Court since initiating this action over two (2) months ago. Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim where a plaintiff has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011); *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

## II.   PLAINTIFF'S COMPLAINT IS MOOT

As an additional ground for dismissal, Plaintiff's suit is moot. Plaintiff brought this action against the Jail complaining of his conditions of confinement. ECF Doc. 1. Plaintiff seeks only injunctive relief, namely "to have Escambia County Jail follow the U.S.C.A. for equal rights and correct the above listed issues and have ECJ and ECWA be treated equal and the same." *Id*. at 7. Given Plaintiff's release from Jail, the Court's April 13, 2022 Order directed Plaintiff to show cause why this case should not also be dismissed as moot. As stated above, Plaintiff did not respond to that Order.

It is well established that "[a] prisoner's transfer or release from a correctional facility generally will moot his claims for injunctive relief in a § 1983 action." *Owens v. Centurion Med.*, 778 F. App'x 754, 758–59 (11th Cir. 2019) (citing *Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988)). This is because "[p]ast exposure to illegal conduct does not constitute a present case or controversy involving injunctive relief if unaccompanied by any continuing, present adverse effects." *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985).

Accordingly, it is ORDERED:

As a matter of courtesy only, the clerk is directed to send a copy of this Order and Report and Recommendation to Plaintiff at 1404 W. St. Joseph Avenue, Pensacola, FL 32501, Plaintiff's address on the Escambia County Jail View website.

Also, it is respectfully RECOMMENDED:

1. This case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute, failure to comply with a Court order, failure to keep the Court apprised of his address, and because the case is now MOOT.

2. The clerk be directed to close the file.

At Pensacola, Florida, this 6th day of June, 2022.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.